SEANA AZAD (SBN: 307256)
sazad@grsm.com
NONA J. SARKISYAN (SBN: 354200)
nsarkisyan@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, California 94596
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

Attorneys for Defendants
DREAMWORKS ANIMATION LLC and BNTR BURBANK HOLDINGS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MICHAEL MARIGLIANO, <br><br> Plaintiff, <br><br> v. <br><br> DREAMWORKS ANIMATION LLC AND BNTR BURBANK HOLDINGS LLC, AND DOES 1 TO 25, INCLUSIVE, <br><br> Defendants. | Case No. _____ <br><br> (Removed from Los Angeles Superior Court Case No. 24NNCV06282) <br><br> Removal of Action Under Statute: (e.g., 28 U.S.C. §§ 1332, 1441, 1446) <br><br> **DEFENDANTS DREAMWORKS ANIMATION LLC AND BNTR BURBANK HOLDINGS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)** <br><br> [Declaration of Andrew Eitingon; Declaration of Seana Azad; Declaration of Joseph Loncar; Certificate of Interested Parties; and Civil Cover Sheet filed concurrently) <br><br> Complaint Filed: December 04, 2024 |

**TO THE CLERK AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Defendants DREAMWORKS ANIMATION LLC ("DREAMWORKS") and BNTR BURBANK HOLDINGS LLC ("BNTR") (collectively, "Defendants"), hereby remove the action entitled *Michael Marigliano v. DreamWorks Animation LLC, et al.*, Superior Court of the State of California for

-1-
DEFENDANTS DREAMWORKS ANIMATION LLC AND BNTR BURBANK HOLDINGS LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

the County of Los Angeles (Case No. 24NNCV06282) to the United States District Court for the Central District of California. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441(b), and 1446 for the reasons set forth below.

## JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.000, exclusive of interest and costs, as set forth below.

2. On December 4, 2024, Plaintiff MICHAEL MARIGLIANO ("Plaintiff"), filed the above-entitled civil action against Defendants and DOES 1 through 25 in the Superior Court of the State of California for the County of Los Angeles, Case No. 24NNCV06282 (the "State Court Action"). The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending. See **Exhibit A** attached herein to the Declaration of Seana Azad ("Azad Decl."), ¶ 2, filed currently herewith.

3. On December 4, 2024, Plaintiff served the Summons, Complaint, and other related initial case documents ("initial pleading packet") onto Defendants. See **Exhibit A** attached herein to the Azad Decl., ¶ 3, filed currently herewith.

4. On May 27, 2025, Defendants filed an Answer to the Complaint. A true and correct copy of the Answer is attached to the Azad Decl. ¶ 4 as **Exhibit B**.

5. On July 10, 2025, Plaintiff served a Statement of Damages. Attached to the Azad Decl. ¶ 5 as **Exhibit C** is a true and correct copy of the Statement of Damages.

## REMOVAL IS TIMELY

7. This Notice of Removal is filed timely as it is within thirty (30) days of Defendants' receipt of Plaintiff's Statement of Damages, which is when it was first

GORDON REES SCULLY MANSUKHANI, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

ascertained that the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs. It was not until Plaintiff's served the Statement of Damages on July 10, 2025, disclosing to Defendants the amount in controversy, where Defendants possessed the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1332 and 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

8. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

9. <u>Plaintiff's Citizenship</u>. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

10. Here, Defendants are informed and believe and allege thereon that Plaintiff resides in Los Angeles County in the state of California and filed the instant Complaint in Los Angeles County Superior Court in the state of California, availing himself of California's judicial resources. See Azad Decl., ¶ 6 and Exhibit **A**, *in passim*. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

11. <u>Defendants' Citizenship.</u> A limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g. Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We… join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/ members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g. Alatorre v. Wastequip Mfg. Co.*, LLC, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is … determined not by reference to its principal place of business and state of incorporation … but by citizenship of its owners and members.").

12. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

### Diversity of BNTR

a. BNTR is a limited liability company organized under the laws of the state of Delaware. Declaration of Joseph Loncar ("Loncar Decl."), ¶ 5. The sole member of BNTR is Brookfield Reit Office Holdings, LLC., a limited liability company organized under the laws of the state of Delaware. Loncar Decl., ¶ 6.

b. The sole member of Brookfield Reit Office Holdings, LLC is Brookfield Reit Parent Holdings, LLC., a limited liability company organized under the laws of the state of Delaware. Loncar Decl., ¶ 7.

c. The sole member of Brookfield Reit Parent Holdings, LLC is Brookfield Reit Operating Partnership L.P., a limited partnership company organized under the laws of the state of Delaware. Loncar Decl., ¶ 8.

d. The general partner of Brookfield Reit Operating Partnership L.P. is Brookfield Reit OP GP, LLC., a limited liability company organized under the laws of the state of Delaware. Loncar Decl., ¶ 9.

e. The sole member of Brookfield Reit OP GP, LLC is Brookfield Real

Estate Income Trust Inc., organized under the laws of the state of Maryland. Loncar Decl., ¶ 10.

### Diversity of DreamWorks

f. DreamWorks is a limited liability company organized under the laws of the state of Delaware. The members of DreamWorks are (i) DreamWorks Animation Home Entertainment II, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) DreamWorks, LLC, a limited liability company organized under the laws of the state of Delaware; and (iii) DWA Holdings, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of DreamWorks Animation Home Entertainment II, LLC and DreamWorks, LLC is DWA Holdings, LLC. The sole member of DWA Holdings, LLC is NBCUniversal Media, LLC. Declaration of Andrew Eitingon ("Eitingon Decl."), ¶ 5.

g. The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 6.

h. The members of NBCUniversal, LLC are (i) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise, Inc., a corporation organized under the laws of the state of Delaware with its principal place of business in Philadelphia, Pennsylvania; (iv) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 7.

i. Comcast Corporation is the operating entity for NBCUniversal Enterprise, Inc., and all of its operational, executive, administrative, and policy-making

functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 8.

j. Comcast Corporation is a corporation organized under the laws of the state of Pennsylvania. Its principal place of business, and the location from which the highest-level officers direct, control, and coordinate the corporation's activities, is located at its corporate headquarters in Philadelphia, Pennsylvania. All high-level corporate officers for Comcast Corporation have their offices located in Philadelphia, Pennsylvania, including the following: Chairman, President & Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Information Officer, Chief Marketing Officer, Senior Executive Vice President, and the Executive Vice President & General Counsel. The majority of Comcast Corporation's corporate decisions are made in Philadelphia, Pennsylvania, including its operational, executive, administrative, and policy making decisions. The Officers listed above are responsible for the direction, control, and coordination of the activities covered by their respective offices. Comcast Corporation conducts the majority of its administrative functions such as payroll, legal, tax, benefits, and accounting at its corporate headquarters in Philadelphia, Pennsylvania. Moreover, the majority of the administrative functions crucial to Comcast Corporation's day-to-day operations are conducted in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 9.

k. The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC and (ii) Comcast CHC, LLC. Eitingon Decl., ¶ 10.

l. The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. Eitingon Decl., ¶ 11.

m. The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia

Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, LLC, a limited liability company, organized under the laws of the state of Delaware. Eitingon Decl., ¶ 12.

  n. The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 13.

  o. The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania; and (ii) Comcast Spectator Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of Comcast Spectator Holding Company, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 14.

  p. Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 15.

  q. The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, LLC. Eitingon Decl., ¶ 16.

  r. The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 17.

  s. The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. Eitingon Decl., ¶ 18.

t. The sole member of E! Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 19.

u. The sole member of Comcast Sports Net NE Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 20.

v. The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 21.

13. Accordingly, for purposes of determining diversity, Defendants – whose members are all organized under the laws of Delaware, Maryland and Pennsylvania – are regarded as citizens of Delaware, Maryland and Pennsylvania.

14. Defendants Doe 1 through 25 are fictitious. The Complaint does not set forth the identity of status of fictitious defendants 1 through 25. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

15. Defendants are informed and believe and thereon allege that no "Doe" defendants have been served with the Summons and/or the Complaint in the State Court Action. See Azad Decl., ¶ 7. Accordingly, this action may be removed by Defendants to federal court pursuant to 28 U.S.C. § 1441.

16. Therefore, Plaintiff and Defendants are citizens of different states.

## AMOUNT IN CONTROVERSY

17. Defendants were unable to ascertain from Plaintiff's Complaint that the amount in controversy could exceed $75,000. See **Exhibit A**. to Azad Decl. Plaintiff's Complaint lacked any information related to the amount of damages Plaintiff suffered from his slip and fall accident or any information related to potential medical treatments resulting from his slip and fall accident. Plaintiff's Complaint sought damages "according to proof" but didn't provide any specific information or amount of damages that would allow Defendants to ascertain that

1  the amount could exceed $75,000. Defendants' served a Request for Statement of
2  Damages seeking an itemized statement related to the damages being alleged by
3  Plaintiff. Plaintiff's Statement indicates that the amount in controversy exceeds
4  $75,000. Specifically, Plaintiff seeks general damages, including but not limited to
5  pain and suffering, in the amount of $2,000,000.00 and special damages in the
6  amount of $2,000,000.00, as well as past medical expenses, and costs of suit and
7  such other relief the Court may deem appropriate. See Azad Decl., ¶ 8 and **Exhibit
8  C** attached to the Azad Decl.

9      18. Defendants deny that Plaintiff's claims have any merit. However, the
10  relief sought by Plaintiff exceeds the $75,000.00 jurisdiction requirement, exclusive
11  of interest and costs.

12      19. Based upon the foregoing, the amount in controversy in this matter
13  exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a
14  civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §
15  1332, and which may be removed to this Court by DreamWorks and BNTR
16  pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VENUE

18      20. Removal to this Court is proper because this District includes the County
19  where the state action is pending.

20      21. By filing this Notice of Removal, Defendants do not intend to waive, and
21  hereby reserve, any objection as to personal jurisdiction, and all other defenses.

22      22. This Notice of Removal is being served on Plaintiff's counsel on this
23  date. Defendants will promptly file a copy of this Notice of Removal with the Clerk
24  of the Superior Court of the state of California for the County of Los Angeles.

25  ///
26  ///
27  ///
28

-9-
DEFENDANTS DREAMWORKS ANIMATION LLC AND BNTR BURBANK
HOLDINGS LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

1  23. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A). See Azad Decl., ¶ 9.

Dated: August 8, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: *[signature]*
Seana Azad
Nona J. Sarkisyan
Attorneys for Defendants
DREAMWORKS ANIMATION LLC and BNTR BURBANK HOLDINGS LLC

DEFENDANTS DREAMWORKS ANIMATION LLC AND BNTR BURBANK HOLDINGS LLC'S NOTICE OF REMOVAL TO FEDERAL COURT

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 100 Pringle Avenue, Suite 300, Walnut Creek, CA 94596. On the date shown below, I served the within documents:

**DEFENDANT DREAMWORKS ANIMATION LLC'S AND BNTR BURBANK HOLDINGS LLC'S NOTICE OF REMOVAL TO FEDERAL COURT**

☑ **Served Electronically Via the Court's CM/EFC System**

| | |
|---|---|
| Sharona Eslamboly Hakin, Esq.<br>Law Offices of Sharona Eslamboly Hakim<br>8730 Wilshire Blvd., Suite 500<br>Beverly Hills, CA 90211<br>Tel: 310-289-9100<br>geoffrey@sehlawfirm.com | *Attorneys for Plaintiff*<br>*Michael Marigliano* |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 8, 2025, at Oakland, California.

*/s/ Nadine E. Williams*

Nadine E. Williams

-11-
DEFENDANTS DREAMWORKS ANIMATION LLC AND BNTR BURBANK HOLDINGS LLC'S NOTICE OF REMOVAL TO FEDERAL COURT